479 So.2d 240 (1985)
Carolyn REINHARDT, Petitioner,
v.
NORTHSIDE MOTORS, INC., d/b/a Hollywood Chrysler Plymouth, Richard Uber and Travelers Indemnity Company, Respondents.
No. 85-1726.
District Court of Appeal of Florida, Fourth District.
December 4, 1985.
Michael S. Bendell of David L. Kahn, P.A., Fort Lauderdale, for petitioner.
Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for respondents.
DELL, Judge.
Petitioner Carolyn Reinhardt seeks review by petition for writ of certiorari of an order which directed her to furnish respondents with an authorization for release of medical records located at the Rancho Ensino Hospital in Encino, California.
Without requesting production of the medical records pursuant to Rule 1.350, Florida Rules of Civil Procedure, or implementing the procedures provided for by the Uniform Foreign Depositions Law, Section 92.251, Florida Statutes (1983) and its counterpart, Section 2023, Code of Civil Procedure of California, respondents' attorney mailed petitioner a medical authorization form for the California records and requested that she sign and return it to him. When petitioner failed to return the medical authorization form, respondents moved to compel compliance with their request. The trial court granted respondents' motion and provided for an in camera inspection of the records. Respondents argue that since the hospital is beyond the territorial limits of a Florida court's subpoena powers, they required an order compelling the petitioner to execute a medical authorization for the California records. We disagree. Florida Rule of Civil Procedure 1.350 provides for production of documents in the possession, custody or control of a party to whom the request is directed:

*241 (a) Request; Scope. Any party may request any other party (1) to produce and permit the party making the request, or someone acting in his behalf, to inspect and copy any designated documents, including writings..., that constitute or contain matters within the scope of Rule 1.280(b) and that are in the possession, custody or control of the party to whom the request is directed; ...
Respondents chose not to utilize the provisions of Rule 1.350.
Alternatively, Florida Rule of Civil Procedure 1.351 provides for production of documents from a person who is not a party by issuance of a subpoena directing production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents. Petitioner correctly points out that Section 2023, Code of Civil Procedure of California authorizes California courts to issue subpoenaes to aid discovery arising from litigation in other states. Respondents made no attempt to obtain the records through the existing means of discovery. Although the procedure attempted by respondents and implemented by the court may be more expedient, it is not provided for under Florida Rules of Civil Procedure. In the absence of a showing that the records could not be obtained by the use of discovery procedures already provided by the Florida Rules of Civil Procedure, the trial court's order constitutes a departure from the essential requirements of law. Accordingly, we grant certiorari and quash the trial court's order.
CERTIORARI GRANTED.
DOWNEY, J., concurs.
ANSTEAD, J., dissents without opinion.