581 So.2d 909 (1991)
Harold J. JOHNSTON and Betty Johnston, Petitioners,
v.
Dorothy M. DONNELLY, Respondent.
No. 91-00770.
District Court of Appeal of Florida, Second District.
May 24, 1991.
Rehearing Denied July 11, 1991.
Marcus W. Viles of Associates and Bruce L. Scheiner, P.A., Fort Myers, and Diane H. Tutt of Diane H. Tutt, P.A., Fort Lauderdale, for petitioners.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for respondent.
PER CURIAM.
Petitioners, Mr. and Mrs. Johnston, are plaintiffs in a negligence action. They seek a writ of certiorari to review an order requiring them to sign and deliver a medical authorization form to respondent, defendant in the negligence action. We grant certiorari.
Respondent attempted to obtain the medical records of the Johnstons from their Canadian physicians who treated them before the accident. Some of the physicians refused to honor the Florida court's subpoenas issued pursuant to Florida Rule of Civil Procedure 1.351. Respondent also attempted to obtain the records by sending forms to the Johnstons for their signature. When respondent's attempts proved unsuccessful, she filed a motion to compel the execution of the medical authorization forms. In her motion, respondent alleged *910 the physicians had not complied with the subpoenas and respondent knew of no other means for obtaining the records. The trial court granted the motion and ordered the Johnstons to sign and return the medical authorization forms.
Florida law generally prohibits the disclosure of medical records to persons other than the patient, the patient's legal representative, or another health care provider involved in the treatment of the patient. § 455.241, Fla. Stat. (1989). See Franklin v. Nationwide Mutual Fire Insurance Co., 566 So.2d 529 (Fla. 1st DCA 1990). The confidentiality of the medical information may be waived in only specific circumstances set forth in the statute. § 455.241, Fla. Stat. (1989). Absent any waiver, the person seeking disclosure must use a statutory method or follow the Florida Rules of Civil Procedure. Compelling the patient to sign a written authorization is not one of the statutory methods, nor is it one of the methods of discovery recognized in the civil rules. See Franklin; Reinhardt v. Northside Motors, Inc., 479 So.2d 240 (Fla. 4th DCA 1985).
Unless Canadian law requires compliance with subpoenas issued from Florida courts, the physicians were not required to release the information absent voluntary written consent of the patient or an order of a Canadian court. To obtain the records, a request for production of documents pursuant to Florida Rule of Civil Procedure 1.350 should have been served. Rule 1.350 provides a means by which a party may obtain documents within the possession, custody or control of another party. By using the discovery methods provided by the rules of civil procedure, the parties may seek to compel compliance with a discovery request for disclosure or to prohibit any unnecessary disclosure of unrelated, confidential medical information. In simply ordering the execution of a blanket release of medical information, the trial court bypassed the procedural safeguards of the discovery rules. We find that the order compelling the release of all medical records from all treating physicians constitutes a departure from the essential requirements of law.
Petition for certiorari granted.
SCHOONOVER, C.J., and SCHEB and CAMPBELL, JJ., concur.