625 So.2d 106 (1993)
Carlos E. ROJAS and Ana Rojas, Petitioners,
v.
RYDER TRUCK RENTAL, INC. and Willie J. McCray, Respondents.
No. 92-2234.
District Court of Appeal of Florida, Third District.
October 12, 1993.
*107 Andy Treusch, Miami, for petitioners.
Gaebe, Murphy, Mullen & Antonelli, and Michael J. Murphy, Coral Gables, for respondents.
Before NESBITT, LEVY and GODERICH, JJ.
LEVY, Judge.
By Petition for Writ of Certiorari, personal injury plaintiffs seek review of a trial court discovery order compelling the release of certain medical records directly to the defendants. We deny the petition based upon our finding that the trial court was well within its power to enter the order in question, and therefore did not stray from the essential requirements of the law.
The Petitioners, Carlos and Ana Rojas, are residents of Massachusetts who were injured in an automobile accident which occurred in Florida. The Respondents are the defendants in the Petitioners' personal injury action filed in Dade Circuit Court. In their complaint, the Petitioners sought damages for injuries arising directly out of the accident, and damages for the aggravation of previously existing medical conditions. During discovery, the Respondents sought the Petitioners' medical records from a Massachusetts hospital and a Massachusetts health care plan, both of which had treated the Petitioners before and after the accident. These institutions failed to respond to the Respondents' subpoenas requesting the records. The Respondents then moved the trial court to compel the Petitioners to sign written authorizations, directed at the two health care institutions, permitting release of the medical records directly to the Respondents. The trial court granted the motion, and ordered the Petitioners to execute authorizations for the release of their medical records.
As a preliminary matter, we note that both the Petitioners and Respondents concede that the medical records at issue here are not privileged, but are discoverable because they contain information relevant to the aggravation of a previously existing medical condition as alleged in the Petitioners' complaint. The Petitioners object, however, to releasing their entire medical records to the Respondents, claiming that portions of the records are irrelevant to the underlying lawsuit, and therefore not discoverable. The Petitioners contend that the trial court erred in granting the Respondents' motion, and that the Respondents' only recourse, once their subpoenas were unsuccessful, was to file a request for production under Florida Rule of Civil Procedure 1.350. We are now called upon to evaluate the discovery procedure employed below.
The order entered here was well within the power and discretion of the trial court. A trial court possesses broad discretion in overseeing discovery, and protecting the parties that come before it. American Southern Co. v. Tinter, Inc., 565 So.2d 891 (Fla.3d DCA 1990); Rosaler v. Rosaler, 442 So.2d 1018 (Fla.3d DCA 1983), rev. denied, 451 So.2d 850 (Fla. 1984). The order entered here accomplishes the discovery of the sought after medical records in the most expeditious and practical way possible, by having the records released directly to the Respondents. It burdens judicial resources the least, and does the most to ensure full disclosure so that defendants in personal injury litigation can fully and fairly litigate their liability. In fact, orders such as this are regularly entered by trial courts, and acquiesced to by plaintiffs.
Furthermore, ordering the Petitioners to sign written authorizations for the release of medical records does not necessitate a violation of their right to protect unrelated, undiscoverable matters. A party, such as the Petitioners, who objects to the disclosure of parts of a medical record is free to request that the entire medical record be submitted to the trial court to review in camera. The trial court may then excise or redact the non-discoverable material, if any, prior to releasing the records to the party *108 seeking them. The use of such an in camera procedure to facilitate discovery is common, and within the power of the trial court. See, e.g., United Servs. Auto. Ass'n v. Crews, 614 So.2d 1213 (Fla.4th DCA 1993); Wood v. Tallahassee Memorial Regional Medical Ctr., Inc., 593 So.2d 1140 (Fla.1st DCA), rev. denied, 599 So.2d 1281 (Fla. 1992); Austin v. Barnett Bank of S. Fla., N.A., 472 So.2d 830 (Fla.4th DCA 1985). See also Walton v. Dugger, 621 So.2d 1357 (Fla. 1993) (advocating use of an in camera inspection in the context of a Chapter 119 public records request); Young v. Santos, 611 So.2d 586 (Fla. 4th DCA 1993) (Warner, J., concurring specially) (emphasizing desirability of expeditious discovery including use of in camera inspections); Ventimiglia ex rel. Ventimiglia v. Moffitt, 502 So.2d 14 (Fla.4th DCA 1986) (approving discovery of patient medical records after deletion of names to protect confidentiality).
Although it is clear that, since the various forms of discovery available to litigants are not exclusive, the determination of which discovery method to pursue remains the choice of the requesting party, the procedure invoked here (i.e. executing written authorizations, followed by an in camera review, if requested) is a far more desirable process than a request for production under Florida Rule of Civil Procedure 1.350. In a simple request for production, the producing-party decides which parts of their medical records to produce, and which to retain as non-discoverable, thereby acting as the arbiter of the requesting-party's discovery request. Although there is no allegation of bad faith in this case, the potential for abuse by unscrupulous litigants in other cases by withholding records is obvious. However, by conducting an in camera review of all the medical records, the trial court, and not the producing-party, would make the determination of what is discoverable. This is much more conducive to the conduct of ethical and efficient litigation.[1]
Consequently, the petition for certiorari is denied without prejudice to the Petitioners to object to the disclosure of the entire contents of the records, and to have them submitted to the trial court for an in camera inspection.
Petition denied.
GODERICH, J., concurs.
NESBITT, Judge (dissenting and concurring):
When production of documents by an adverse party is sought, Florida Rule of Civil Procedure 1.350, by its plain terms, provides the established remedy. In the indistinguishable decisions of Reinhardt v. Northside Motors, Inc., 479 So.2d 240 (Fla.4th DCA 1985) and Johnston v. Donnelly, 581 So.2d 909 (Fla.2d DCA 1991), those courts of appeal so held. My real concern is, however, that the failure to apply the rule in the present case may well cause the plaintiff to lose or compromise her substantive rights to the confidentiality of her medical records. § 455.241(2), Fla. Stat. (1991). Such records commonly contain a patient's medical history and quickly attract extraneous or collateral matters that have no relevancy to a claimant's cause of action. As a rule, patients never examine their records and consequently have little or no knowledge as to what they actually contain. Although it is the patient who controls access to such records (evidenced here by the movant's request for written authorization), she very likely does not have actual access to them. Consequently, until she does, she cannot legitimately object to prejudicial and extraneous matters. If she cannot procure her medical records timely, they may be dumped carte blanche in the movant's lap before she can even object. Evenhandedness and common sense dictate that production of documents be allowed only by the established remedy.
I agree in certification of conflict.
NOTES
[1] We acknowledge that a contrary position has been taken by the Second and Fourth Districts and, therefore, certify conflict with Johnston v. Donnelly, 581 So.2d 909 (Fla.2d DCA 1991) and Reinhardt v. Northside Motors, Inc., 479 So.2d 240 (Fla.4th DCA 1985).