PER CURIAM.
This is a petition for writ of certiorari review of an order requiring petitioner to execute an authorization for release of medical records relating to counseling and alcohol abuse treatment. We grant the petition and quash the trial court’s order.
We find that the trial court departed from the essential requirements of law by requiring petitioner to sign a medical release authorization where respondents failed to show that the records could not be obtained through the use of discovery procedures otherwise available under the Florida Rules of Civil Procedure. Condon v. Community Psychiatric Centers, 583 So.2d 1123 (Fla. 4th DCA 1991); Wilson v. Rodriguez, 547 So.2d 196 (Fla. 4th DCA 1989); Reinhardt v. Northside Motors, Inc., 479 So.2d 240 (Fla. 4th DCA 1985); Johnston v. Donnelly, 581 So.2d 909 (Fla. 2d DCA 1991). Of course, this holding does not preclude the possibility that respondents might eventually show that they have been unable to obtain the information sought in the medical release using available discovery procedures.
We further note that the Third and Fifth Districts have both held that a movant need not exhaust all available remedies pursuant to the discovery rules prior to obtaining an order compelling the execution of a medical release. Both courts have certified conflict with Reinhardt and Johnston. See Rojas v. Ryder Truck Rental, Inc., 625 So.2d 106 (Fla. 3d DCA 1993), rev. granted, Rojas v. Ryder Truck Rental, Inc., 634 So.2d 626 (Fla.1994) and Doelfel v. Trevisani, 630 So.2d 1250 (Fla. 5th DCA), rev. pending, No. 83,218 (Fla. Feb. 18, 1994).
Likewise, we certify conflict with Rojas and Doelfel.
GLICKSTEIN, GUNTHER and STEVENSON, JJ., concur.