641 So.2d 855 (1994)
Carlos E. ROJAS, et ux., Petitioners,
v.
RYDER TRUCK RENTAL, INC., et al., Respondents.
No. 82692.
Supreme Court of Florida.
September 1, 1994.
Andy Treusch, North Miami, for petitioners.
Michael J. Murphy and Julie Layne Greenberg of Gaebe, Murphy, Mullen & Antonelli, Coral Gables, for respondents.
*856 Scott A. Mager of the Law Offices of Scott A. Mager, P.A., Fort Lauderdale, amicus curiae for Academy of Florida Trial Lawyers.
OVERTON, Justice.
We have for review Rojas v. Ryder Truck Rental, Inc., 625 So.2d 106 (Fla. 3d DCA 1993), which concerns the discovery of medical records from an out-of-state medical provider. In Rojas, the district court held that a trial judge has the authority to require a party to sign a medical authorization form to allow the opposing party to obtain out-of-state medical records consistent with what would be available if the medical provider were within the jurisdiction of Florida. In so ruling, the district court certified conflict with Johnston v. Donnelly, 581 So.2d 909 (Fla. 2d DCA 1991), and Reinhardt v. Northside Motors, Inc., 479 So.2d 240 (Fla. 4th DCA 1985). We accept jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution. For the reasons expressed, we approve the district court's decision in the instant case and harmonize it with Johnston and Reinhardt.
In this case, Massachusetts residents Carlos and Ana Rojas were injured in an automobile accident in Dade County, Florida. As a result of that accident, they filed suit against Ryder Truck Rental, Inc. (Ryder), seeking damages for injuries received from the accident and for aggravation of previously existing medical conditions. The Rojases were treated both before and after the accident at two Massachusetts medical facilities. During the course of discovery, Ryder attempted to obtain the Rojases' medical records from those facilities through subpoenas filed pursuant to Florida Rule of Civil Procedure 1.351 (production of documents without deposition from a non-party). The medical facilities refused to respond to Ryder's subpoenas requesting the records.
After the medical facilities failed to supply the requested records, Ryder moved to compel the Rojases to sign written release authorizations directing the facilities to release the medical records directly to Ryder's counsel. In granting the motion, the trial judge directed the medical facilities to furnish
any and all documentation generated in connection with [the Rojases], including but not limited to: reports, charts, files, correspondence, notes, memoranda, radiology studies of any kind or nature, test findings, statements, billings, treatment of any kind or nature, including all psychological and psychiatric records for [the Rojases].
After the trial judge granted the motion, the Rojases appealed to the Third District Court of Appeal seeking to quash the trial judge's order.
On appeal, the Rojases claimed that Ryder was not entitled to all of the medical records at issue because only a portion of the records were relevant to the litigation. Further, the Rojases contended that the proper procedure would be for Ryder to file a request for production under rule 1.350 (production of document through a party). The district court affirmed the trial court's order, stating that trial judges have broad discretion in discovery matters and that the Rojases could be protected from the disclosure of irrelevant records by simply asking the trial court to conduct an in camera review of the records before releasing them to Ryder. The district court reasoned that, under the circumstances, this procedure would lead to more ethical and efficient litigation than the procedure set forth in rule 1.350 because it would allow the trial judge rather than a party to determine what records were discoverable. The district court acknowledged that its decision conflicted with decisions of the Second and Fourth District Courts of Appeal. See Johnston; Reinhardt.
Both the Rojases and the Academy of Florida Trial Lawyers, which filed an amicus brief in this action, urge this Court to quash the district court's decision in this case, raising the same issues the Rojases raised before the district court. The Rojases also contend that, if Ryder did not want to receive the records through a rule 1.350 request for production to the Rojases, Ryder should have sought the records via Massachusetts law once the medical facilities refused to honor the Florida subpoenas. We reject these contentions. As the district court noted in this case:

*857 The order entered here was well within the power and discretion of the trial court. A trial court possesses broad discretion in overseeing discovery, and protecting the parties that come before it. The order entered here accomplishes the discovery of the sought after medical records in the most expeditious and practical way possible, by having the records released directly to the Respondents. It burdens judicial resources the least, and does the most to ensure full disclosure so that defendants in personal injury litigation can fully and fairly litigate their liability. In fact, orders such as this are regularly entered by trial courts, and acquiesced to by plaintiffs.
Furthermore, ordering the Petitioners to sign written authorizations for the release of medical records does not necessitate a violation of their right to protect unrelated, undiscoverable matters. A party, such as the Petitioners, who objects to the disclosure of parts of a medical record is free to request that the entire medical record be submitted to the trial court to review in camera. The trial court may then excise or redact the non-discoverable material, if any, prior to releasing the records to the party seeking them. The use of such an in camera procedure to facilitate discovery is common, and within the power of the trial court.
625 So.2d at 107-08 (citations omitted). We agree. In addition, we emphasize that the records being sought constitute nothing more than what Ryder would be entitled to if the Massachusetts medical providers were residents of this state. Notably, Ryder did attempt to obtain the records at issue in the manner appropriate for a resident provider before seeking the medical authorization form. It makes no sense to impose a more costly and time-consuming discovery process on the seeking party solely because the medical providers are located out-of-state. Further, as pointed out by Ryder, the records sought in this case are non-privileged, potentially relevant, and discoverable documents. The rules governing discovery are not exhaustive and do not prohibit judges from using their discretion to fashion an appropriate remedy to obtain out-of-state records.
We hold that the district court's decision provides the most practical and least burdensome method for obtaining the records at issue and allows for the records to be sent in an expeditious, readable, and uncensored fashion. Equally as important, we find that the procedure for obtaining medical records from an out-of-state or out-of-country source should be no more burdensome than the procedure for obtaining the same type of medical records from an in-state source. To require Ryder to file for the records pursuant to Massachusetts law would result in unnecessary costs and would delay the proceedings. Further, to require Ryder to file for the records pursuant to rule 1.350 would place Ryder in the position of depending on the veracity of its adversary in furnishing the records.
We note that the Second District Court of Appeal, in reaching a contrary result in Johnston, discussed the execution of a "blanket" medical authorization release. Additionally, the Fourth District Court of Appeal in Reinhardt was ruling on the request for execution of a medical release when the requesting party had made no known attempt to get the medical records by any other means. Likewise, in Franklin v. Nationwide Mutual Fire Insurance Co., 566 So.2d 529 (Fla. 1st DCA), review dismissed, 574 So.2d 142 (Fla. 1990), the district court ruled that a medical authorization release form authorizing ex parte communications was inappropriate. We agree that the potential for abuse exists when one party is ordered to execute a "blanket" medical release form for use by another party, regardless of whether the authorization is for an in-state or out-of-state provider. We hold that, when a medical release form is appropriately limited, as it was in this case, and when previous record requests through rule 1.351 have been ignored, judges may use their discretionary authority to order the execution of such a release to allow a party to obtain the same information available by subpoena under rule 1.351. The same records should be available from out-of-state facilities as are available from in-state facilities, and neither the party seeking the records nor the party providing the records should be placed in a different *858 position or be prejudiced solely because the medical facility is out of state.
Accordingly, we approve the decision of the Third District Court of Appeal in the instant case, and we approve the opinion of the First District Court in Franklin to the extent it held that a court may not authorize a medical release form allowing ex parte communications. We disapprove Johnston and Reinhardt to the extent they could be interpreted as being inconsistent with our opinion in this case.
It is so ordered.
GRIMES, C.J., SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.