SHAW, Justice.
We have for review Doelfel v. Trevisani, 630 So.2d 1260 (Fla. 5th DCA 1994), based on the district court’s certification of conflict with Johnston v. Donnelly, 581 So.2d 909 (Fla. 2d DCA 1991), and Reinhardt v. North-side Motors, Inc., 479 So.2d 240 (Fla. 4th DCA 1985). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The district court, citing its agreement with Rojas v. Ryder Truck Rental, Inc., 625 So.2d 106 (Fla. 3d DCA 1993), denied certiorari review of the trial court’s discovery order which compelled the release of medical records. Doelfel v. Trevisani, 630 So.2d 1250 (Fla. 5th DCA 1994). In reviewing the district court’s decision in Rojas, we held that “when a medical release form is appropriately limited ... and when previous record requests through rule 1.351 have been ignored, judges may use their discretionary authority to order the execution of such a release to allow a party to obtain the same information available by subpoena under rule 1.351” and disapproved Johnston and Reinhardt to the extent they could be interpreted as being inconsistent with our holding. Rojas v. Ryder Truck Rental, Inc., 641 So.2d 855, 857 (Fla.1994). Both parties concede that Trevi-sani’s requests for medical records pursuant to Florida Rule of Civil Procedure 1.351 were ignored. Given the district court’s agreement with Rojas and this court’s resolution of the Johnston and Reinhardt conflict, we approve the decision below.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.