GREEN, Judge.
In this dissolution proceeding, the petitioner/wife seeks certiorari review of an order compelling her to execute a medical release to allow the respondent/husband to receive her psychological records from a Minnesota psychotherapist. We grant the writ and quash the order under review for the reasons which follow.
Petitioner, Kimberly Biller Franco, and respondent, Israel Franco, were married in 1995. They have one minor son who was born on April 15, 1997. The couple separated a few weeks after the birth of their son, and the wife and child went to her parents’ home in Minnesota. They remained there for approximately three weeks and returned to Miami on May 28,1997.
Upon her return to Miami, the wife filed a petition for dissolution of marriage wherein she sought, among other things, primary custody of the minor child subject to reasonable visitation by the husband. The husband answered and filed a counter-petition in which he also sought to be the primary custodian of the child. The husband further filed a request for an independent mental examination of the wife. That request was denied by the lower court.
Thereafter, the husband served a notice of production from non-party pursuant to Rule 1.351, Florida Rules of Civil Procedure, *1122 which sought to subpoena the production of the wife’s psychological records from Dr. Jill Kozberg of the Jewish Family and Children’s Service of Minneapolis, Minnesota. The wife filed no objection to the notice of production or to the subpoena in the proceedings below. Dr. Kozberg, through counsel, however, responded to the husband’s subpoena by stating that the Florida court had no jurisdiction over her, and that under Minnesota law, she could not release any of the requested records without a signed release by the wife or court order ruling on the question of privilege, as the wife had asserted her right to confidentiality with respect to such documents.[1]
Based upon Dr. Kozberg’s response, the husband immediately filed a motion to compel the wife to execute a medical release. The husband argued that because the wife had not filed an objection to the notice of production or to the subpoena served on Dr. Kozberg, she had waived her right to assert any privilege with respect to such documents. The lower court granted the husband’s motion to have the wife execute the medical release based upon the wife’s failure to timely interpose an objection. The wife then filed a petition for certiorari review of this order. We granted a stay pending our review of the order.
We grant the petition and quash the order under review based upon our conclusion that the lower court departed from the essential requirements of the law when it ordered the wife to execute the medical release when an objection was lodged by Dr. Kozberg. Although it is certainly true that the wife failed to object to the notice and subpoena, the wife correctly points out that Rule 1.351(c), Florida Rules of Civil Procedure, permits the non-party recipient of the subpoena to similarly raise an objection. That rule provides in pertinent part that:
If the person upon whom the subpoena is served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule, and relief may be obtained pursuant to Rule 1.310.
We do not agree with the husband’s assertion that Dr. Kozberg’s response to the notice and subpoena was not an objection. It is clear from the doctor’s response that she was opposing the husband’s subpoena both on jurisdictional grounds as well as on the grounds that the wife had not waived her right to confidentiality with respect to these documents. There is no procedure within Florida’s rules of civil procedure for evaluating or testing the sufficiency of an objection. See ABC Liquors, Inc. v. Berkey, 589 So.2d 457, 458 (Fla. 5th DCA 1991). As the Fifth District aptly noted: “Indeed no grounds at all appear to be required. The rule is self-executing: when any objection is filed, Rule 1.351 ceases to be available.” Id. (citation omitted); see also Russell v. Stardust Cruisers, Inc., 690 So.2d 743, 744 (Fla. 5th DCA 1997) (“Rule 1.351 is self-executing and an objection requires that a deposition of the records custodian be taken in order to obtain the requested documents.”); Jones v. Jones, 463 So.2d 564, 567-68 (Fla. 1st DCA 1985) (once objection is raised, the remedy afforded by rule 1.351 automatically terminates without necessity of court order). Thus, once Dr. Kozberg interposed an objection, the remedy afforded by rule 1.351 automatically terminated and the husband was not at *1123 liberty to seek the release of these documents under this rule.
The husband next asserts that notwithstanding the non-party’s objection to the notice and subpoena, it was still within the court’s discretion to compel the wife to execute the medical release. In support of this argument, the husband cites to the supreme court’s decision in Rojas v. Ryder Truck Rental, Inc., 641 So.2d 855 (Fla.1994). We find the husband’s reliance upon Rojas to be misplaced, as Rojas did not involve the disclosure of privileged medical records. Indeed in Rojas, one party was seeking medical records from a Massachusetts hospital that were non-privileged, potentially relevant, and discoverable documents. See id. at 857. The supreme court found that the trial court had the authority to compel the appellants to execute a medical release for the requested documents in light of the fact that the records being sought constituted nothing more than what the appellee “would be entitled to if the Massachusetts medical providers were residents of this state.” Id. In this case, the husband is seeking records which may be protected by the psychotherapist-patient privilege.[2] We agree with the wife that Rojas does not allow the psychotherapist-patient privilege to be so easily circumvented through the use of discovery pursuant to Rule 1.851. Thus, in ordering the wife to execute the medical release for the requested documents, we conclude that the lower court departed from the essential requirements of the law when it faded to consider the timely objection made by the wife’s psychotherapist. We therefore grant the writ and quash the order under review.

. Specifically, Dr. Kozberg's response to the husband’s subpoena stated in pertinent part that:
As you may be aware, Jewish Family & Children’s Service and the individual recipient, Jill Kozberg, have no contacts with the State of Florida in connection with this matter. Accordingly, under Minnesota law, and we believe under Florida law, the Florida court has no jurisdiction over the agency or Ms. Kozberg in connection with the Florida subpoena.
More importantly, under Minnesota statutes § 144.335, the agency and Ms. Kozberg may not disclose the records which are the subject of your Florida subpoena without a signed release by this patient or except as otherwise provided by law. In addition, we have been advised by the patient's attorney that the patient has not waived any right to confidentiality and asserts her privilege with respect to these materials. Accordingly, before the agency may furnish the documents you request or otherwise communicate information in connection with this matter, we ask that you obtain a signed release of the patient authorizing the disclosure requested. Alternatively, we ask that you obtain an order from a court of competent jurisdiction ruling on the question of privilege and directing Ms. Kozberg and agency to deliver the records as requested.

. We note that the lower court never specifically addressed the issue of the privileged nature of any of the requested documents.