800 So.2d 255 (2001)
OFFICE OF the ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, STATE OF FLORIDA, Petitioner,
v.
MILLENNIUM COMMUNICATIONS & FULFILLMENT, INC., Advance Marketing and Research, Inc., d/b/a First Capital Finance, and Ricardo Martinez, Respondents.
No. 3D01-2002.
District Court of Appeal of Florida, Third District.
October 10, 2001.
Rehearing Denied December 10, 2001.
*256 Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for petitioner.
Mark L. Mallios, Esquire; and Andrew Cove, Hollywood, for respondents.
Before LEVY, SORONDO, and RAMIREZ, JJ.
Rehearing En Banc Denied December 10, 2001.
RAMIREZ, J.
This is a petition for writ of certiorari seeking to quash a protective order which prevents the petitioner from obtaining discovery. We grant the writ.
The factual background for this petition is more fully set forth in Millennium Communications & Fulfillment, Inc. v. Office of Attorney General, Dept. of Legal Affairs, State of Fla., 761 So.2d 1256 (Fla. 3d DCA 2000) ("Millennium I"). The petitioner sued Millennium Communications, Inc. and Advanced Marketing and Research, *257 Inc. (collectively "Millennium") under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), section 501.207(1)(b), Florida Statutes (1997), seeking an injunction, civil penalties and other statutory relief afforded under FDUTPA in connection with Millennium's promotion and sale of a credit card kit. The complaint alleged that consumers received a postcard inviting them to obtain a credit card by calling an "800" telephone number. The petitioner further alleged that only after Millennium collected a $129.00 fee did the consumers learn of the limitations, conditions and restrictions on the original offer. The petitioner sought to enjoin Millennium from engaging in further deceptive practices.
In "Millennium I," this Court held that FDUTPA could be applied to commercial transactions between Florida corporations such as Millennium and non-resident consumers. However, we reversed the temporary injunction because the petitioner had not established a clear legal right to such relief. Upon remand, the petitioner propounded a request for production seeking to determine the nature of Millennium's current activities. Millennium filed an objection and a motion for protective order, alleging: (1) that none of the discovery was probative of whether the original promotional materials were unfair or deceptive; (2) that the Third District, as a matter of law, had ruled that the promotional materials were not unfair or deceptive; and (3) that the discovery placed "an unreasonable burden" upon Millennium. The trial court, after reviewing the appellate record, granted the motion.
While an order denying discovery is not ordinarily reviewable by certiorari, we have occasionally granted certiorari to review orders denying discovery where the injury caused by the order was irreparable. See Ruiz v. Steiner, 599 So.2d 196, 197 (Fla. 3d DCA 1992). We find that the denial of discovery in this case cannot be remedied on appeal after final judgment because "there would be no practical way to determine after judgment what the testimony would be or how it would affect the result." Travelers Indem. Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980); see also Medero v. Florida Power & Light Co., 658 So.2d 566, 567 (Fla. 3d DCA 1995). Additionally, the order under review departs from the essential requirements of law because the trial court made no finding and the grounds alleged in the motion for protective order cannot form the basis for denying petitioner the discovery requested.
We reject the first ground alleged-that none of the discovery was probative of whether the original promotional materials were unfair or deceptive. "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fla. R. Civ. P. 1.280(b)(1).
The second ground alleged was that we had determined, as a matter of law, that the promotional materials were not unfair or deceptive. Our review of "Millennium I" does not demonstrate that we made such a determination. We simply reversed a temporary injunction based on the fact that the postcard was not sufficiently deceptive to support the extraordinary remedy of injunctive relief. The affirmance of a temporary injunction on appeal determines only that a proper showing was made at the time the injunction was applied for. See El Segundo Original Rey de la Pizza Cubana, Inc. v. Rey Pizza Corp., 682 So.2d 697 (Fla. 3d DCA 1996). The converse is also true the reversal of an order granting a temporary injunction does not preclude the granting of a permanent injunction at the conclusion of a full hearing. See Cox v. *258 Florida Mobile Leasing, Inc., 478 So.2d 1200, 1201 (Fla. 4th DCA 1985). Consequently, our reversal of a temporary injunction cannot be construed as a determination on the merits of a case seeking not only injunctive relief, but also reimbursement to all consumers, civil penalties, and attorney's fees.
Finally, the bare allegation that Millennium would suffer "an unreasonable burden" if required to provide discovery cannot form the basis for denying petitioner its discovery. Rule 1.280(c), Florida Rules of Civil Procedure, allows a court, for good cause shown, to protect a party from discovery that would cause "annoyance, embarrassment, oppression, or undue burden or expense...." The party moving for the protective order has the burden to show good cause. See Medina v. Yoder Auto Sales, Inc., 743 So.2d 621, 623 (Fla. 2d DCA 1999). Millennium has made no showing before the trial court of any undue burden or expense. In fact, this was a second request for production of materials previously provided by Millennium.
Writ of certiorari granted.