866 So.2d 136 (2004)
Jeb BUSH, Governor of the State of Florida, Petitioner,
v.
Michael SCHIAVO, as Guardian of the person of Theresa Marie Schiavo, Respondent.
No. 2D03-5783.
District Court of Appeal of Florida, Second District.
February 13, 2004.
*137 Kenneth L. Connor of Wilkes & McHugh, P.A., Tampa, for Petitioner.
George J. Felos of Felos & Felos, P.A., Dunedin; Randall C. Marshall of American Civil Liberties Union of Florida, Miami; and Thomas J. Perrelli, Robert M. Portman, and Nicole G. Berner of Jenner & Block, LLC, Washington, DC, for Respondent.
WALLACE, Judge.
Petitioner, Jeb Bush, Governor of the State of Florida, petitions for a writ of certiorari quashing a protective order entered at the request of Respondent, Michael Schiavo, as guardian of the person of Theresa Marie Schiavo, his wife. The protective order prohibited the Governor from taking the depositions of seven witnesses. We conclude that the order departs from the essential requirements of the law because Mr. Schiavo failed to demonstrate good cause for a blanket ban on the taking of depositions. A complete bar to the taking of any depositions may cause harm to the Governor that will not be remediable on appeal from a final judgment. Therefore, we grant the petition and quash the protective order entered by the circuit court.
This certiorari proceeding comes to us from an action for a declaratory judgment filed in the circuit court by Mr. Schiavo against the Governor and the Attorney General in their official capacities. In the declaratory judgment action, Mr. Schiavo contends that chapter 2003-418, Laws of Florida, popularly known as "Terri's Law," is unconstitutional on its face and as applied to Mrs. Schiavo. As part of his preparation to respond to the constitutional challenge, the Governor filed a notice of his intent to take the depositions of seven witnesses. Mr. Schiavo was one of the proposed witnesses. Of the other six proposed witnesses, two were relatives of Mr. Schiavo, three were expert medical witnesses who apparently had knowledge of Mrs. Schiavo's condition, and one was identified as the person with whom Mr. Schiavo currently resides. Mr. Schiavo promptly filed a motion for a protective order prohibiting the Governor from taking any of the proposed depositions. The basis for Mr. Schiavo's motion was the asserted lack of relevance of the facts to which any of the seven proposed witnesses could testify at a deposition. In his motion, *138 Mr. Schiavo alleged: "The Governor has failed to enunciate even one material fact that is in dispute in this case, and does not suggest how deposition [sic] of the subject witnesses is relevant to this cause, or is likely to lead to relevant evidence." Mr. Schiavo concluded that the Governor's notice of intent to depose the seven proposed witnesses was "nothing more" than an attempt to relitigate facts that had already been adjudicated in a guardianship proceeding concerning Mrs. Schiavo.[1]
The circuit court conducted a hearing on the motion. The attorneys for Mr. Schiavo and for the Governor presented arguments on the motion. At the conclusion of the hearing, the court indicated that it was "going to grant the motion with the understanding that if the Court finds that at the summary judgment hearing that there are factual issues that are yet to be resolved, that obviously that discovery would be allowed to take place." The circuit court subsequently entered a written order granting the motion based on the following finding of good cause: "[C]urrently there are no identifiable disputed material facts in this cause and therefore the proposed discovery would not be reasonably calculated to lead to admissible evidence." From this order, the Governor timely filed his petition for writ of certiorari.
"A trial court possesses broad discretion in overseeing discovery, and protecting the parties that come before it." Rojas v. Ryder Truck Rental, Inc., 625 So.2d 106, 107 (Fla. 3d DCA 1993), approved, 641 So.2d 855, 857 (Fla.1994). Pursuant to Florida Rule of Civil Procedure 1.280(c), a trial court may, upon a showing of good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" as justice may require. The burden of showing good cause is on the party seeking the protective order. City of Oldsmar v. Kimmins Contracting Corp., 805 So.2d 1091, 1093 (Fla. 2d DCA 2002). And, "a strong showing is required before a party will be denied entirely the right to take a deposition." Deltona Corp. v. Bailey, 336 So.2d 1163, 1169-70 (Fla.1976) (approving the construction of rule 1.280(c) contained in Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607, 611 (Fla. 4th DCA 1975), which quoted from Moore's Federal Practice, pp. 493-95 (2d ed.)). Florida courts have disapproved the entry of protective orders prohibiting the taking of depositions generally and orders providing for lengthy postponements of discovery. See Office of Att'y Gen. v. Millennium Communications & Fulfillment, Inc., 800 So.2d 255 (Fla. 3d DCA 2001); Maris Distrib. Co. v. Anheuser-Busch, Inc., 710 So.2d 1022, 1024-25 (Fla. 1st DCA 1998); Brennan v. Bd. of Pub. Instruction, 244 So.2d 463, 464 (Fla. 4th DCA 1971).
In this case, Mr. Schiavo's motion for a protective order was based on the asserted irrelevance of any facts that might be developed at the proposed depositions and rested solely on his counsel's legal argument that all of the facts pertinent to a determination of the constitutionality of chapter 2003-418 were either finally adjudicated in the guardianship proceeding or were stipulated to by the *139 parties.[2] Thus, according to Mr. Schiavo's counsel, there were no disputed material facts in the case. In response, the Governor's counsel argued that the Governor's right to discover pertinent facts is not limited by the doctrines of res judicata and collateral estoppel because he was not a party to the guardianship proceeding.
Mr. Schiavo's challenge to chapter 2003-418 includes not only a claim that, as applied to Mrs. Schiavo, the statute violates her right to privacy but also claims that the statute is an unconstitutional bill of attainder and an invalid special law, among other claims. Some facts pertaining to these claims may not or could not have been considered in the adjudication of facts in the guardianship proceeding. For example, testimony regarding the circumstances of the implementation of chapter 2003-418 and the statute's effect on Mrs. Schiavo obviously played no role in the adjudication of facts in the guardianship proceeding. Mr. Schiavo's legal argument in support of his motion for protective order did not address the propriety of precluding inquiry into such factual matters that may pertain to the effect and operation of chapter 2003-418 and, therefore, did not demonstrate good cause to support the issuance of the protective order. See Maris Distrib. Co., 710 So.2d at 1024-25; Orlando Sports Stadium, Inc., 316 So.2d at 610-11.
With regard to the facts that were adjudicated in the guardianship proceeding, the merits of a protective order precluding inquiry into these matters could not have been determined without first resolving the parties' legal arguments concerning the status of the adjudicated facts as a subject of further inquiry in the declaratory judgment action. If one accepted the argument of Mr. Schiavo's counsel that those facts were not properly the subject of discovery in the declaratory judgment action because they had already been finally adjudicated in the guardianship proceeding, it is arguable that taking depositions to inquire into such matters could be unduly burdensome, annoying, or oppressive. On the other hand, if one accepted the position of the Governor's counsel that the Governor is not bound by the adjudicated facts in the guardianship proceeding, it is arguable that the Governor could be denied his right to pursue discovery he believes is necessary for him to support his defense of the constitutionality of the statute.
The circuit court entered the protective order without resolving the parties' arguments on these issues. The circuit court, observing that the parties had not fully briefed the matter, expressed a desire for the parties to revisit the question of whether to allow the Governor to conduct any discovery at the time the parties presented arguments on Mr. Schiavo's motion for a summary judgment determining chapter 2003-418 to be unconstitutional. However, the circuit court had to make two determinations before it could conclude that there were no "identifiable disputed material facts" so as to justify its finding of good cause. First, it had to make a determination of the propriety of inquiry into the statute's impact on Mrs. Schiavo and other factually based aspects of the constitutional challenge to chapter 2003-418. Second, it had to make a determination of the propriety of any further *140 inquiry into facts adjudicated in the guardianship proceeding. The omission of these necessary steps left the finding of good cause bereft of any support other than the conclusory assertion of Mr. Schiavo's counsel that the proposed depositions lacked relevance. This conclusory assertion was insufficient to demonstrate good cause warranting the entry of a protective order. This error is not remediable on appeal because there is no practical way to determine after judgment how the denial of the right to depose alleged material witnesses would have affected the outcome of the declaratory judgment action. Accordingly, we grant the petition for writ of certiorari and quash the trial court's order granting protective order.
To facilitate review of any protective order that may be entered in the future, the trial court is directed to include within its order a recital of the findings of fact and conclusions of law upon which the order is based.
Petition for writ of certiorari granted.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] The guardianship proceeding has been the subject of four written opinions of this court. See Schindler v. Schiavo (In re Guardianship of Schiavo), 851 So.2d 182 (Fla. 2d DCA), review denied, 855 So.2d 621 (Fla.2003); Schindler v. Schiavo (In re Guardianship of Schiavo), 800 So.2d 640 (Fla. 2d DCA 2001), review denied, 816 So.2d 127 (Fla.2002); Schindler v. Schiavo (In re Guardianship of Schiavo), 792 So.2d 551 (Fla. 2d DCA 2001); Schindler v. Schiavo (In re Guardianship of Schiavo), 780 So.2d 176 (Fla. 2d DCA 2001).
[2] During the same hearing at which the circuit court heard the motion for a protective order, counsel for Mr. Schiavo and for the Governor stipulated on the record to certain facts. These stipulations were made with reference to a document that has not been included in the materials submitted to us by the parties. Therefore, the content of all of the stipulations of facts reached by the parties is unclear to us.