960 So.2d 845 (2007)
Michael TOWERS, Petitioner,
v.
CITY OF LONGWOOD and Judith Putz, Respondent.
No. 5D07-206.
District Court of Appeal of Florida, Fifth District.
July 6, 2007.
*846 Michael Towers, Longwood, Pro Se.
Donovan A. Roper of Roper & Roper, P.A., Apopka, for Respondent, City of Longwood.
Thomas C. Greene, Sanford, for Respondent, Judith Putz.
*847 MONACO, J.
Petitioner, Michael Towers, seeks a writ of certiorari to quash the lower court's order granting a motion for protective order concerning a deposition duces tecum of a non-party witness at which the deponent, Judith Putz, was to produce certain documents described in the notice. Because the order constitutes a departure from the essential requirements of law that would cause the petitioner material injury throughout the remaining proceedings, and because the error could not be adequately remedied by appeal, we grant the writ.
In the amended complaint Mr. Towers, and two other corporate plaintiffs, asserted five claims for relief growing out of a dispute between the plaintiffs and the City of Longwood concerning the proposed development of certain properties within the Downtown Historic District of that municipality. For his part, Mr. Towers sought declaratory relief with regard to the developments, while asserting, inter alia, that city officials acted in bad faith when dealing with the projects. Ms. Putz, the proposed deponent, was a member of the City of Longwood Historic Preservation Board, and later sat on the City's Land Planning Agency. She admits to being a "vocal opponent" of projects such as those proposed by the plaintiffs. While the amended complaint is long and rambling, it does allege specifically that Ms. Putz took certain actions leading to the frustration of the planned development.
Mr. Towers served a notice of taking deposition duces tecum directed to Ms. Putz, by which she was instructed to appear for deposition with a variety of documents concerning the development proposed by Mr. Towers. Ms. Putz moved for a protective order asking the trial court both to prohibit Mr. Towers from taking her deposition, and to relieve her of the obligation of producing the listed documents. Her initial argument was based primarily on the inconvenience that a deposition would cause her at the time that it was scheduled. At the hearing on the motion, however, she urged that a protective order be granted because of the overbroad nature of the document subpoena, and because in her view she had nothing relevant to contribute by her testimony. After a spirited argument, the trial court granted the motion for protective order in all respects without stating the reason. The court later entered a written order confirming its ruling in which it stated:
1. . . . Judy Putz is not a party to this action.
2. That the Plaintiff, Michael Towers, has admitted that his cause of action in part is an attempt to investigate whether Mrs. Putz (Deponent) has unauthorized ex-parte communications regarding lot split ordinance while on the L.P.A. [Land Planning Agency].
3. That the request to depose the Deponent does not relate to issues involved in the litigation.
4. That the Deponent is not the Clerk or Custodian of records for the City of Longwood and the records requested by Plaintiff, Michael Towers, should be obtained from the Custodian of records.
5. That the balance of the documents requested by the Plaintiff, Michael Towers, is no more than a mere fishing expedition on his part based on a mere suspicion.
Mr. Towers thereafter petitioned this court for certiorari relief.
Ordinarily appellate courts will only grant certiorari relief where a trial court's order constitutes a departure from the essential requirements of the law, and causes a party to suffer material injury *848 throughout the remaining proceedings that cannot be adequately remedied by appeal. See Lunceford v. Fla. Cent. R.R. Co., Inc., 728 So.2d 1239, 1241 (Fla. 5th DCA 1999); Travelers Indem. Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980). In general, "trial court orders refusing to compel discovery are not reviewed by certiorari because it is believed any harm caused by the denial can be adequately remedied on appeal from the final order." See Beekie v. Morgan, 751 So.2d 694, 698 (Fla. 5th DCA 2000).
Under some circumstances, however, this Court has granted certiorari relief directed to a trial court's improvident grant of a protective order. See, e.g., Beekie, 751 So.2d at 698; Lunceford, 728 So.2d at 1240-41. In Bush v. Schiavo, 866 So.2d 136, 140 (Fla. 2d DCA 2004), for example, the Second District noted that a complete bar to the taking of certain depositions might cause harm to the party seeking to use that method of discovery that could not be remedied on appeal "because there is no practical way to determine after judgment how the denial of the right to depose alleged material witnesses would have affected the outcome" of the proceedings. See also Travelers Indem., 388 So.2d at 650. We conclude that the present case is analogous to Bush and Travelers in that Mr. Towers has been completely barred from obtaining discovery from Ms. Putz, and is one of the exceptional discovery cases that lends itself to certiorari treatment.
Rule 1.280(b)(1), Florida Rules of Civil Procedure states:
. . . Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Unquestionably, "[a] trial court possesses broad discretion in overseeing discovery, and protecting the parties that come before it." See Bush, 866 So.2d at 138 (citing Rojas v. Ryder Truck Rental, Inc., 625 So.2d 106, 107 (Fla. 3d DCA 1993)). To that end, rule 1.280(c), Florida Rules of Civil Procedure provides that where good cause is demonstrated, the trial court "may make any order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense that justice requires. . . ." The burden of demonstrating good cause for the issuance of such a protective order, however, falls upon the party seeking that relief. See Bush, 866 So.2d at 138; Office of Att'y Gen. v. Millennium Commc'ns & Fulfillment, Inc., 800 So.2d 255, 258 (Fla. 3d DCA 2001). Here, that good cause was not shown by Ms. Putz or the City.
Mr. Towers seeks to take the deposition of a person who is specifically named in the body of his amended complaint, and who was sitting on a city board that was directly involved in the dispute he is having with the City of Longwood. The fact, as the trial court notes, that the petitioner's "cause of action in part is an attempt to investigate whether Mrs. Putz has unauthorized ex-parte communications regarding lot splitting ordinance while on the L.P.A.," is hardly a reason to prohibit her deposition from being taken. If anything, it militates in favor of allowing the deposition to be taken. If the trial court has *849 concluded that the case involves potential ex parte communications on the part of Ms. Putz concerning her opposition to the petitioner's project, then her deposition would by very definition concern relevant facts discoverable in accordance with Rule 1.280(b). Moreover, it would be utterly impossible to tell whether Ms. Putz has any information that is relevant to the suit if Mr. Towers is prohibited from asking any questions of her.
It may be when all is said and done that Ms. Putz has nothing to contribute that is germane to the issues before the trial court. Absolutely barring Mr. Towers from taking her deposition, however, is simply wrong based on the allegations of the complaint and the liberality of discovery. Litigants would never be able to take a non-party deposition if all the non-party had to do to get out of it is to say that he or she has nothing relevant to say.
Turning now to the order relieving Ms. Putz of the obligation to produce documents, we note that the trial court failed to address the individual requests and simply noted that the listed items are either public records or a "fishing expedition." It is clear from the allegations of the amended complaint and the arguments that were made before the trial court, however, that Ms. Putz is individually in possession of many of the requested documents. That some documents are of public record does not mean that she is relieved of producing them if she indeed has them in her possession, custody or control. If she does not have them, she need only say that she does not have them. If any of the documents are protected by a privilege, she needs to have that issue specifically addressed by the court. Should there be a question about individual documents, the trial court can examine them in camera. The trial court's broad labeling of the entire document production process as a fishing expedition, however, without addressing the individual categories of documents sought is insufficient, particularly where it is obvious from looking at the notice to produce and the allegations of the complaint that the document production is being directed at many relevant items. The document production must, therefore, be reconsidered by the trial court.
We accordingly grant the petition for writ of certiorari and quash the trial court's Order On Amended Motion For Protective Order.
WRIT GRANTED.
TORPY and LAWSON, JJ., concur.