RAMIREZ, C.J.
The City of Key West, Tree Commission, petitions this Court for a writ of certiorari. The City claims that the trial court departed from the essential requirements of law when it permitted the respondents to take the discovery depositions of three members of the Tree Commission in the matter pending before the special magistrate. Because we agree with the City that the trial court departed from the essential requirements of the law when it ordered the depositions, we grant the petition and quash the trial court’s order.
The administration and enforcement of regulations regarding tree protection in the City are contained in sections 110-286 through 110-295 of the Code of Ordinances of the City of Key West. On February 19, 2008, pursuant to section 110-289 of the Code, the Urban Forestry Manager for the City of Key West issued a Notice of Administrative Hearing before the Tree Commission of the City of Key West to the respondent, Radim Havlicek. The notice alleged a number of violations of the tree protection provisions contained in the Code as to seven trees specifically included on the list of specially protected trees in the Code.
The hearing before the Tree Commission was held on April 14, 2008. The respondent appeared, testified and was represented by counsel. The Tree Commission found that the respondent commit-téd thirty-five irreparable violations of the tree protection, ordinance. The respondent declined to enter into a compliance settlement agreement. Thus, in accordance with the Code, the Tree Commission forwarded the case to the special master with a recommendation that the respondent be fined one-half the maximum amount for each violation in the event the special master found the respondent to be in violation.
Seven months passed, and in December 2008, Havlicek caused the issuance of three subpoenas for deposition duces te-cum for the depositions of three members of the Tree Commission. The Tree Commission thereafter filed its Motion for Protective Order. A hearing was .conducted on this motion before the special magistrate. In January of 2009, the special magistrate orally granted the motion.
In February of 2009, Havlicek filed his Petition for Writ of Certiorari in the Appellate Division of the Circuit Court in and for Monroe County. The Tree Commission filed its response, and Havlicek filed his reply. After oral argument, the court granted certiorari.
The Tree Commission thereafter filed its petition for writ of certiorari in this Court. After the parties filed their briefs, this Court filed its opinion, granting the Tree Commission’s writ of certiorari and quashing the circuit court’s order granting cer-tiorari. See City of Key West Tree Comm’n v. Havlicek, 20 So.3d 904 (Fla. 3d DCA 2009). This Court held that the circuit court had no jurisdiction to review an oral order, and found that “[bjased on the *902 Magistrate’s comments at the hearing, the Magistrate’s view may have been that if the Magistrate conducts ■ a trial de novo, then the claim of error before the Tree Commission is immaterial.” Id.
The circuit court judge thereafter entered an “Order Remanding Case for Entry of Written Order by Magistrate.” The special magistrate then entered an order granting the Tree Commission’s motion for protective order. In that order, the special magistrate specifically found that “the proceeding before the Special Magistrate will be a de novo hearing. This Court will not consider any part of the record pertaining to the Tree Commission’s hearing on this matter, and any claim of error before the Tree Commission is moot and immaterial.”
In February of 2010, Havlicek filed his Petition for Writ of Certiorari in the Circuit Court for the Sixteenth Judicial Circuit, in and for Monroe County. The Tree Commission responded, and Havlicek replied. In August 2010, the trial court granted Havlicek’s petition and allowed the discovery depositions of three members of the Tree Commission. • This order is now before us for review.
Among its various points on it’s petition, the City contends that the trial court departed from the essential requirements of law when it determined that the subject Tree Commissioners became fact witnesses subject to discovery depositions as a result of site visits. We agree with the City that this determination is in conflict with section 286.0115(l)(c)(3), Florida Statutes (2010), which provides that “[l]ocal public officials may conduct investigations and site visits and may receive expert opinions regarding quasi-judicial action pending before them” and “[s]ueh activities shall not be presumed prejudicial to the action if the existence of the investigation, site visit, or expert opinion is made a part of the record before final action on the matter.” As was made clear during oral argument in this case, the Tree Commissioners are not witnesses in the pending matter before the special magistrate, thus the depositions would be to no avail.
The case of Towers v. City of Longwood, 960 So.2d 845 (Fla. 5th DCA 2007), cited by the trial court in its order, is distinguishable. Towers involved a circuit court action where the plaintiff filed a declaratory judgment action against the City of Longwood with respect to development of certain properties in the city. Id. at 847. Thus, the Fifth District Court of Appeal in Towers analyzed the plaintiffs request to depose pursuant to Florida Rule of Civil Procedure 1.280(b)(1), which establishes the right of parties to obtain discovery in matters litigated in circuit court. Id. at 848. However, code enforcement matters are not governed by the Florida Rules of Civil Procedure. Chapter 162, Florida Statutes (2010), controls code enforcement matters, which as the City accurately points out, contains no provision regarding discovery.
Moreover, in paragraph 4 of his order, the special magistrate found that “[t]his Court interprets sections 110-290 and 110-292 of the Code to require a hearing de novo before the Special Magistrate when matters are forwarded from the Tree Commission.” In paragraph 10, the special magistrate stated that because the proceeding before the special magistrate would be de novo, “[tjhis Court will not consider any part of the record pertaining to the Tree Commission’s hearing on this matter, and any claim of error before the Tree Commission is moot and immaterial.” In paragraph 11, the special magistrate stated “[i]t would be the responsibility of this Court to determine IF the charged violation of the Code was committed and IF either of the two Respondents commit *903 ted the alleged violations” before concluding what “the appropriate penalty, if any, would be.”
The trial court also noted in its order that the proceedings before the special magistrate would be a hearing de novo. In addition, the trial court found that Hav-licek “conceded at oral argument that the de novo nature of the Special Magistrate’s review of all conclusions come to by the Tree Commission makes what would otherwise be apparent violations of due process, effectively moot.”
Accordingly, we find that the trial court departed from the essential requirements of the law when it ordered that Havlicek may take the discovery depositions of three members of the Tree Commission in the matter pending before the special magistrate.
Petition for certiorari granted, order quashed.