959 So.2d 1274 (2007)
PUBLIX SUPERMARKETS, INC., Petitioner,
v.
Mark JOHNSON, Respondent.
No. 4D07-1426.
District Court of Appeal of Florida, Fourth District.
July 11, 2007.
Anthony DiMatteo and Anne C. Sullivan of Gaebe, Mullen, Antonelli, Esco & DiMatteo, West Palm Beach and Coral Gables, for petitioner.
Scott W. Zappolo of Watterson & Zappolo, P.A., Palm Beach Gardens, for respondent.
PER CURIAM.
The petitioner, Publix Supermarkets, Inc., seeks certiorari relief from an order *1275 denying protection from discovery. For the reasons stated below, we grant the petition, quash the order, and remand for further proceedings.
The respondent, Mark Johnson, was stopped and held by security agents of Publix who suspected Johnson had shoplifted items from the store. The agents strongly suggested Johnson participate in a civil theft recovery program created by Publix to avoid police involvement, but Johnson declined and eventually left the store. Publix pursued charges. After an initial mistrial, Johnson was found not guilty of two charges. Johnson then sued Publix and two other entities, alleging both false imprisonment and malicious prosecution, the impetus of the underlying action. During the discovery process, Johnson sought copies of correspondences from Publix's attorneys to other suspected shoplifters related to the civil theft recovery program. Publix sought protection which the lower court denied. This petition followed, wherein Publix claims entitlement to the work-product privilege and asserts the privacy rights of the non-party shoplifters.
Certiorari is the proper method for challenging an order that compels disclosure or denies protection from such disclosure. See Alterra Healthcare Corp. v. Estate of Francis Shelley, 827 So.2d 936, 945 (Fla.2002). To be successful in such a proceeding, the petitioner must show the lower court departed "from the essential requirements of law causing material harm for which there is no adequate remedy on final appeal." Katz v. N.M.E. Hosps., Inc., 842 So.2d 853, 854 (Fla. 4th DCA 2002).
In Federal Express Corp. v. Cantway, 778 So.2d 1052 (Fla. 4th DCA 2001), this court noted the long-standing doctrine that "[m]aterials prepared in anticipation of litigation are not subject to discovery except on a showing that the party seeking discovery `has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.'" Id. at 1053 (quoting Fla. R. Civ. P. 1.280(b)(3)). Further, "[a]ccident reports and investigative materials of a party, when prepared in anticipation of litigation, constitute work product and are not subject to discovery without the aforementioned showing." Id. (citing Seaboard Air Line R. Co. v. Timmons, 61 So.2d 426, 427-28 (Fla.1952)).
Here, the correspondences between Publix's attorneys and suspected shoplifters who had agreed to participate in the civil theft recovery program surely were documents created in anticipation of litigation. See generally Intercontinental Props., Inc. v. Samy, 685 So.2d 1035 (Fla. 3d DCA 1997) (noting accident reports of slip and fall incidents, prepared by agents of the store, are "certainly . . . not prepared because of some morbid curiosity about how people fall at the market" but instead are obviously for purposes of litigation). Had the suspected shoplifters failed to complete the program, Publix would be expected to seek either civil or criminal remedies through a court of law. Because the documents requested by Johnson are protected by the work-product privilege, Johnson was obligated to show he had a need for such material and could not, without undue hardship, obtain the substantial equivalent of the materials by other means. Fed. Express, 778 So.2d at 1053. Publix has provided Johnson with information concerning other lawsuits arising from the civil theft recovery process, thus it appears the substantial equivalent is available through public records or contact with participants of these cases.
*1276 Further, these correspondences implicate privacy interests for the non-party suspected shoplifters. Article I, section 23, Florida Constitution, affords Floridians the right of privacy and ensures that each person has the right to "determine for themselves when, how and to what extent information about them is communicated to others." Shaktman v. State, 553 So.2d 148, 150 (Fla.1989). Names, addresses, and telephone numbers are forms of identity information that can be considered private and confidential information. See Alterra, 827 So.2d 936. When a party seeks private or confidential information, courts must require the party seeking the information to "make a showing of necessity which outweighs the countervailing interest in maintaining the confidentiality of such information." Higgs v. Kampgrounds of Am., 526 So.2d 980, 981 (Fla. 3d DCA 1988). This court has noted the release of names and telephone numbers, where irrelevant, would be an invasion of privacy for the third parties. Haywood v. Samai, 624 So.2d 1154 (Fla. 4th DCA 1993).
Here, Johnson has failed to show how any correspondences between Publix's attorneys and suspected shoplifters, concerning the civil theft recovery program, have any relevance to his case. As admitted by Johnson, he declined any participation in this program; thus what happens to a suspect after entry into the program is wholly unrelated to the situation Johnson found himself in after he left the premises. In response to this petition, Johnson claims the correspondences would be relevant to the "issues, mind-sets, motivations, routines, habits and routine practice at play in the store on the day in question." However, the correspondences were not created "in the store on the day in question" and appear to have no relevance to the acts of the security agents at issue in this case.
Because the lower court failed to require Johnson to make a sufficient showing of necessity (related to work-product protections) or relevance (related to privacy rights), the petition must be granted and the order denying protection quashed. We remand for further proceedings consistent with this opinion.
SHAHOOD, C.J., GUNTHER and STEVENSON, JJ., concur.