996 So.2d 895 (2008)
Archbishop John FAVALORA, as Archbishop of the Catholic Archdiocese of Miami, a corporation sole, Petitioner,
v.
Kevin SIDAWAY, Respondent.
No. 4D08-2092.
District Court of Appeal of Florida, Fourth District.
November 19, 2008.
Rehearing Denied January 16, 2009.
*896 Anne C. Sullivan and Michael A. Mullen of Gaebe Mullen Antonelli Esco & Dimatteo, and J. Patrick Fitzgerald of J. Patrick Fitzgerald, P.A., Coral Gables, for petitioner.
Edna L. Caruso of Edna L. Caruso, P.A., Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, and Sheldon D. Stevens, Merritt Island, for respondent.
PER CURIAM.
John Favalora as Archbishop of the Catholic Archdiocese of Miami timely petitions this court for a writ of certiorari seeking review of a circuit court order denying his objections and amended objections to a punitive damages interrogatory. The interrogatory requested information about claims or allegations of sexual abuse made against any member or former member of the clergy working within the Archdiocese of Miami. In part, the interrogatory asked for the names and addresses of non-parties who were alleged victims of sexual abuse and of the alleged perpetrators. We grant the petition in part, as the trial court's order departs from the essential requirements of law, for which there is no adequate remedy on plenary appeal.
In the underlying suit, Kevin Sidaway is seeking damages for fraud arising from a settlement agreement in a previous negligence case against the Archbishop as Corporate Sole of the Archdiocese of Miami. In the original suit filed in 1996, Sidaway alleged that he was sexually abused by a priest and that the Archdiocese was negligent in retaining the priest and it intentionally covered up the abuse. In this second action, Sidaway alleges that he was fraudulently induced into giving up a viable claim and entering mediation and settlement. He alleges he was induced by the Archdiocese's promises to undertake certain reforms and procedures for investigating allegations of sexual abuse. The settlement also included some monetary compensation, but he alleges that the promised reforms were material inducement for his settlement. He later learned the reforms had not been implemented.
Archbishop John Favalora is the technical defendant in this suit because of the corporate structure of the Archdiocese.
On April 18, 2008, Sidaway moved for permission to expand the number of interrogatories to include an additional interrogatory to establish the evidentiary basis for a punitive damages claim. Interrogatory 13 requested information about every allegation of sexual abuse made against a *897 present or former member of the clergy working within the Archdiocese of Miami. Among other information, Sidaway requested the name and current or last known address of each alleged victim.
A hearing was held on April 22, 2008. Counsel for the Archbishop argued that at a minimum, the timeframe in the interrogatory is overbroad and it should be limited to acts that occurred after the 1998 settlement agreement at issue in this case. The Archbishop also reminded the court that it had previously ruled that the names of the priests would not be disclosed at this time. Previously, the court had the Archdiocese list the priests by number and a master list was kept. The court had also ruled that the victims' names would not be disclosed. The Archbishop argued that Sidaway was trying to revisit issues that were already ruled upon.
Regarding disclosure of the victims' names, the Archbishop objected that this involves the privacy rights of third parties.
Sidaway responded that, regarding claims for punitive damages, the discovery rules should be liberally construed to allow discovery of information that could provide a reasonable basis for a punitive damages claim. The history of the allegations of abuse within the Miami Archdiocese is relevant in determining whether the Archdiocese responded to the allegations of abuse, whether it may have attempted to cover up allegations, and whether it may have made similar promises of reform to other abuse victims that it never intended to carry out.
Sidaway's original case was settled in December 1997. The judge thought it would be appropriate to limit the interrogatory to a reasonable time before that date and set the time frame as January 1, 1990.
The judge decided if a suit was filed, the names of the victim and perpetrator would be disclosed because this information is already part of the public record. The Archbishop pointed out that in a lot of these suits the victim was named as John Doe. The court concluded that if a victim went to trial, privacy expectations were waived. Alleged victims who did not file suit would be identified by a number. If some cases involved a confidentiality agreement, the court said it would deal with that later.
The court agreed that if an alleged perpetrator was named in a suit involving a different victim, the name could be disclosed.
Following the hearing, the court entered a written order granting in part the motion to expand the interrogatories but limited the scope of discovery to the time period from January 1, 1990 to the present and limited disclosure of names of alleged victims and alleged perpetrators to those in cases where suit was filed. The others would be identified by unique numbers.
To grant a writ of certiorari to quash a non-final order, the petitioner must show (1) the order will cause material and irreparable injury that cannot be corrected on final appeal and (2) the order departed from the essential requirements of law. See Amer. Express Travel Related Servs., Inc. v. Cruz, 761 So.2d 1206, 1208 (Fla. 4th DCA 2000) (citing Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987) and Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996) (en banc)).
Certiorari is appropriate to review an order allowing discovery if the discovery could cause irreparable harm. See Beverly Enters.-Fla., Inc. v. Ives, 832 So.2d 161 (Fla. 5th DCA 2002); Graphic Assocs., Inc. v. Riviana Rest. Corp., 461 So.2d 1011, 1013 (Fla. 4th DCA 1984). Discovery of "`cat out of the bag' material that could be used to injure another person or party outside the context of the *898 litigation, and material protected by privilege, trade secrets, work product, or involving a confidential informant may cause such injury if disclosed." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995).
In this case, the trial court's order requires the Archdiocese to produce the names of the alleged victims and perpetrators in cases where a suit was filed even if the plaintiff filed suit under a pseudonym and the case never proceeded to trial. Some plaintiffs filed suit under John or Jane Doe or under their initials. In some cases, the alleged perpetrator was not named as a party in the suit.
Petitioner asks this court to quash the trial court's order on defendant's objections in its entirety or in the alternative to allow the Archdiocese to answer the interrogatory in a way that protects the privacy rights of third parties. The Archbishop suggested one alternative would be to provide Sidaway information regarding the settlements in the John and Jane Doe cases that settled for something more than money with the names and monetary amounts redacted. Another alternative would be to identify all of the alleged victims by a unique number. A third alternative would be to answer only parts (c) through (k) of the interrogatory. This would not require disclosure of names or addresses of the alleged victims or alleged perpetrators, but would provide Sidaway with information about the alleged abuse and how it was reported and investigated.
The Archdiocese has already answered interrogatory No. 13, but did not provide the full names of the John and Jane Doe plaintiffs or those that filed suit under their initials. Instead these people are identified by a unique number. The alleged perpetrators are likewise identified by a number pending the outcome of this petition.
The Archbishop argues that at least the names of the alleged victims of sexual abuse are privileged and non-discoverable. The Archbishop anticipates he may be sued by third parties if he releases the private information required by the trial court's orders, but he is not specifically arguing this as a basis for objecting to the discovery request. He recognizes that the possibility of suit from third parties would not necessarily give him grounds to oppose discovery citing Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936 (Fla. 2002).
In this case, the Archbishop argues that the names Sidaway is requesting are not relevant to the claims in his complaint. Sidaway can obtain relevant information about settlement agreements without disclosing the names of the alleged victims or the alleged perpetrators. If the Archdiocese provides the other information requested in interrogatory No. 13, Sidaway can still determine whether non-monetary promises were made in other settlements, whether the Archdiocese kept those promises, and whether the Archbishop ratified the other settlement agreements.
If the names are released, Sidaway will likely contact these alleged victims. Some of them may not want it to be known that they claimed to have been victims of sexual assault or of sexual abuse when they were children. They may be embarrassed, they may not have told their families, or they may be reminded of painful experiences. The court should respect that some alleged victims chose to file suit anonymously and they likely do not want to be deprived of that anonymity.
Similarly, although for different reasons, the alleged perpetrators likely do not want to be identified and contacted. Neither the alleged victims nor the alleged perpetrators were given an opportunity to be *899 heard before the trial court ordered the release of this information.
The Archbishop argues that they will be irreparably harmed by the trial court's order. By ignoring claims of confidentiality, irrelevance, and invasion of privacy, the trial court's orders depart from the essential requirements of law. We agree in part.
In Publix Supermarkets, Inc. v. Johnson, 959 So.2d 1274 (Fla. 4th DCA 2007) this court recognized that names and addresses are types of identifying information that may be protected by the right of privacy under the Florida Constitution:
Article I, section 23, Florida Constitution, affords Floridians the right of privacy and ensures that each person has the right to "determine for themselves when, how and to what extent information about them is communicated to others." Shaktman v. State, 553 So.2d 148, 150 (Fla.1989). Names, addresses, and telephone numbers are forms of identity information that can be considered private and confidential information. See Alterra [Healthcare Corp. v. Estate of Francis Shelley, 827 So.2d 936, 945 (Fla. 2002) ].
Publix, 959 So.2d at 1276.
If a party requests private information, the court must determine whether the need for the information outweighs the interest in maintaining its confidentiality. Publix, id. at 1276. If the requested confidential information is irrelevant, then there is no need outweighing the privacy rights.
The alleged victims who filed suit under pseudonyms or initials have already determined that they did not want to be identified by others. The publication of their names would violate their rights to keep the alleged sexual abuse private. Cf. Rasmussen v. South Florida Blood Serv., Inc., 500 So.2d 533, 535 (Fla.1987) ("the right to privacy encompasses at least two different kinds of interests, `the individual interest in avoiding disclosure of personal matters, and ... the interest in independence in making certain kinds of important decisions'") (quoting Whalen v. Roe, 429 U.S. 589, 599-600, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977)).
The publication of the alleged perpetrators' names would damage their reputations and violate their privacy rights. See Rasmussen, 500 So.2d at 536 ("the essential core of [the confidentiality] zone of privacy is the right `to prevent disclosure of ... identity in a damaging context'") (quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 457-458, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977)). In most cases, the alleged perpetrators were not named in the suits.
None of the alleged victims or perpetrators who are not connected with this litigation are aware of the possible intrusion into their privacy. Cf. CAC-Ramsay Health Plans, Inc. v. Johnson, 641 So.2d 434, 435 (Fla. 3d DCA 1994) (concluding that the "wholesale disclosure" of personnel files of employees who were not involved in the pending employment discrimination case, "implicates privacy rights of persons not aware of the intrusion, and not connected in any way to the transaction at issue") (quoting Fed. Deposit Ins. Corp. v. Balkany, 564 So.2d 580, 581 (Fla. 3d DCA 1990)).
The Archbishop maintains that the experience of other alleged victims is irrelevant to Sidaway's claims and their names should not be disclosed.
He also argues that the trial court's order is troubling because it draws illogical distinctions between different groups of alleged victims and different groups of alleged perpetrators based on whether a victim decided to file suit. The Archbishop suggests the order is essentially passing on the relative guilt of the clergymen, *900 which is not the normal role of a civil court and without any evidence. It is also illogical for the court to assume that because victims filed suit, they were willing to disclose their identities. The fact that none of the cases went to trial suggests the alleged victims wanted to avoid publicity or that they were concerned about a finding of no liability.
We have considered all of the arguments presented by the Archbishop, as well as those presented by Sidaway in opposition to certiorari relief, and we conclude the trial court order must be quashed in part. Accordingly, we quash the portion of the order that allows discovery of the names of alleged victims who filed suit under a pseudonym or the person's initials. The trial court can require the Archdiocese to identify all of the case numbers for these suits, and Sidaway can review the court files and contact the attorneys who represented the parties to make the determinations he deems necessary to his current cause of action. Publix Supermarkets, Inc. v. Johnson, 959 So.2d 1274 (Fla. 4th DCA 2007).
POLEN, TAYLOR and DAMOORGIAN, JJ., concur.