997 So.2d 1154 (2008)
BANC OF AMERICA INVESTMENT SERVICES, INC., Petitioner,
v.
Adam E. BARNETT and Chelsea M. Barnett, Respondents.
No. 3D08-1877.
District Court of Appeal of Florida, Third District.
December 3, 2008.
*1155 Liebler, Gonzalez & Portuondo and Juan A. Gonzalez and Barbara Viniegra, Miami, for petitioner.
Infante, Zumpano, Hudson & Miloch and Robert W. Hudson and Patricia Montes De Oca, Coral Gables, for respondents.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
SUAREZ, J.
Banc of America Investment Services, Inc. ("Banc of America"), petitions for a writ of certiorari to quash an order of the lower court compelling responses to a First Request to Produce. We have certiorari jurisdiction to review the order. See Art. V, § 4(b)(1), Fla. Const.; Fla. R.App. P. 9.030(b)(2); Universal City Dev. v. Williams, 963 So.2d 351 (Fla. 5th DCA 2007) (holding that certiorari is available to review discovery order departing from essential requirements of law and causing injury with no adequate remedy on appeal). We grant the petition for writ of certiorari and issue the writ on grounds that the order below overruling objections *1156 to the request to produce documents and granting the Motion to Compel Better Responses to First Request for Production departed from the essential requirements of law.
The underlying lawsuit, brought by Banc of America, is an action for conversion of stock transferred to Adam and Chelsea Barnett's ("Barnetts") account at another institution. The complaint alleges that, on or about October 25, 2006, pursuant to instructions from the deposit holder, Mr. Day, Banc of America transferred five million shares of Shearson Financial Network stock out of Mr. Day's account to the Barnetts' account at another institution. On or about October 27, 2006, due to a clerical error, Banc of America transferred five million additional shares of the stock from the Day account to the Barnett account. The complaint further alleges that, upon discovery of the error, Banc of America replaced the shares in the Day account and requested the Barnetts to return the five million shares mistakenly transferred on October 27, 2006. The Barnetts refused to return the shares. Banc of America alleges counts of conversion and unjust enrichment based on the Barnetts' refusal to return the shares. The Barnetts refused to return the shares because they claim that Shearson Financial Network had agreed to pay them ten million shares in exchange for work they had completed.
The Barnetts requested production of Banc of America documents including all statements for the account originating the transfer, all documents pertaining to lawsuits alleging erroneous transfer of shares and all bank documents involving sale or transfer of Shearson Financial Network stock. Banc of America specifically objected to production requests number six, seventeen and eighteen. Request number six asks for the following:
6. All account statements for the account(s) from which the shares at issue were transferred.
Banc of America objected to number six on grounds that the documents requested were confidential pursuant to section 655.059(2)(b), Florida Statutes (2007).[1] As to requests number seventeen[2] and eighteen,[3] Banc of America objected on grounds that the requests were overly broad, unduly burdensome and irrelevant to claims at issue. The Barnetts proceeded to serve Banc of America with a Motion to Compel Better Responses to First Request for Production. Banc of America sought authorization to release the information requested from its depositor, Mr. Day, a non-party whose account was affected by the transfer. When Mr. Day denied authorization, Banc of America objected, once again, to the production of the account statements on grounds of privilege pursuant to section 655.059(2)(b).[4] Banc of *1157 America objected to Request for Production numbers seventeen and eighteen, requesting production of information regarding lawsuits alleging other erroneous transfers of shares and to the production of all documents showing any transfer, purchase or sale of Shearson Financial Network shares, on grounds that the information sought was irrelevant and the requests were overly broad. The trial judge overruled Banc of America's objections and granted the Barnetts' motion to compel. Banc of America was ordered to produce the documents requested and a privilege log of all documents for which it was claiming privilege and to which it objected. This petition for writ of certiorari follows. We grant the petition for writ of certiorari on grounds that the trial judge departed from the essential requirements of law.
The standard of review on a petition for writ of certiorari is a departure from the essential requirements of law that adequately cannot be remedied on appeal. See Royal Caribbean Cruises, Ltd. v. Doe, 964 So.2d 713 (Fla. 3d DCA 2007), cert. denied, 980 So.2d 488 (Fla. 2008). The court below departed from the essential requirements of law when it ordered production of documents concerning transactions in Mr. Day's account that are privileged pursuant to section 655.059(2)(b), resulting in a harmful invasion of privacy rights which cannot be remedied on appeal. See Winfield v. Div. of Pari-Mutuel Wagering, 477 So.2d 544, 548 (Fla.1985) (recognizing "an individual's legitimate right of privacy in financial institution records" pursuant to the Florida Constitution). Section 655.059(2)(b) deems confidential books and records of deposit accounts at any financial institution and further states that such documents "shall not be released except upon express authorization of the account holder." Moreover, production of a privilege log identifying these documents and their contents results in an invasion of privacy rights of the account holders at the financial institution. Winfield, 477 So.2d at 547. Any claim that the Barnetts have to these funds does not supersede the privacy rights of the deposit holders, who, in this case, are not even parties to this action.
Additionally, the trial judge never determined whether the competing interests of the Barnetts demonstrated a need for this information that took precedent over the privacy rights of the deposit holders, particularly, Mr. Day, a non-party to the action. Before the lower court could order production of the documents and the privilege log, the trial judge was mandated first to require the parties seeking production to "make a showing of necessity which outweigh[ed] the countervailing interests in maintaining the confidentiality of such information." See Publix Supermarkets, Inc. v. Johnson, 959 So.2d 1274, 1276 (Fla. 4th DCA 2007). Failure to make this determination constitutes a departure from the essential requirements of law. See Berkeley v. Eisen, 699 So.2d 789, 793 (Fla. 4th DCA 1997) (holding that, absent a record showing of a need for discovery information that overrides a non-party's constitutional right to privacy, a "judicial invasion into the non-party's right of privacy is not warranted").
The trial judge also departed from the essential requirements of law when he overruled Banc of America's objections to Request for Production numbers seventeen and eighteen. There is no dispute that the securities in question originated from the account of Mr. Day. Production of documents pertaining to other lawsuits or different transfers of Shearson Financial Network stock independent of the facts in this case is overly broad, irrelevant to the issues raised in the lawsuit before us and is not reasonably calculated to lead *1158 to the discovery of admissible evidence. For the above reasons, we grant the petition for writ of certiorari.
Petition for writ of certiorari granted, order quashed.
NOTES
[1] 655.059 Access to books and records; confidentiality; penalty for disclosure.

. . . .
(b) The books and records pertaining to the deposit accounts and loans of depositors, borrowers, members, and stockholders of any financial institution shall be kept confidential by the financial institution and its directors, officers, and employees and shall not be released except upon express authorization of the account holder as to her or his own accounts, loans, or voting rights.
(emphasis supplied)
[2] 17. All documents pertaining to any lawsuit to which you have been a party which alleged that you erroneously transferred shares from an accountholder's account including all documents evidencing the outcome of said suit.
[3] 18. All documents showing any transaction in which Plaintiff had a role involving the transfer, purchase or sale of Shearson Financial Network shares.
[4] Banc of America agreed that Mr. Day was subject to a third party subpoena for production of documents.