SALTER, J.
General Star Indemnity Company, a commercial property insurer, seeks a writ of certiorari quashing two discovery orders. Atlantic Hospitality of Florida, LLC, is General Star’s insured and is the respondent. Simply stated, Atlantic Hospitality obtained orders compelling two senior officers[1] of General Star to appear for deposition in a windstorm insurance case. General Star filed an affidavit establishing that these senior officers had no role in the investigation or adjustment[2] of Atlantic Hospitality’s claims.
Certiorari is available to review a discovery order which departs from essential requirements of law and causes injury that has no adequate remedy in a subsequent appeal. Banc of Am. Inv. Servs. v. Barnett, 997 So.2d 1154, 1155 (Fla. 3d DCA 2008). The order departs from essential requirements of law because Atlantic Hospitality has not shown that the president’s deposition is “reasonably calculated to lead to the discovery of admissible evidence” under Florida Rule of Civil Procedure 1.280.[3] See Granada Ins. Co. v. Ricks, 12 So.3d 276, 277 n. 1 (Fla. 3d DCA 2009). General Star has shown that its president is a manager, not an adjuster or other employee with personal knowledge of the factual disputes involved in the lawsuit.
The injury that cannot be remedied in a subsequent, plenary appeal is de *240 scribed by General Star’s president in her affidavit:
12. As President and Chief Executive Officer of General Star Management Company, my signature appears on every policy issued by General Star Indemnity Company in the State of Florida as a standard, pre-printed signature on all policies.
13. Because of the size and nature of the insurance business and the number of people insured by General Star, Genesis, and General Re, the insureds and reinsureds of these entities are involved in hundreds of lawsuits throughout the United States. If I were summoned as a deponent to testify in each of those cases, I would not have time to fulfill my duties as an executive officer of Genesis, General Star or General Re, as I could literally be in depositions every single day. It would be extremely disruptive to my responsibilities to any one of these companies and its policyholders if I were to give depositions in cases involving individual insureds, when I was not involved with their claims or policies, as is the case here.
14. I have not participated in the above-captioned litigation, or in the underlying insurance claim, or in the underwriting of the subject policy, and I am filing this affidavit in support of a motion for protective order.
This is an obvious but compelling point. The job of the president of the company is to manage the company, not to fly around the United States participating in depositions about policy-related claim disputes of which the president has no personal knowledge. While the out-of-pocket costs of such an exercise can be calculated and shifted if appropriate at the conclusion of the case (or in a separate sanctions motion), the effect on the company is much more difficult to measure. If all claimants demand and obtain the same right, the chief executive officer manages his or her deposition schedule, not the company.
The case at hand is not complicated. A commercial insured claims a Hurricane Charley windstorm loss occurred in August 2004, and it filed a lawsuit against its insurer in May 2009. Trial and appellate counsel for the insured are too sophisticated and experienced to believe that a pre-printed signature on a standard form policy would subject the Connecticut-based president of the insurer to a deposition, or that receipt (with 40-plus other members of management) of one loss assessment authored by a field-level employee, warrants a deposition of the recipient before the adjuster has been asked about it. Discovery is intended to be part of the “just, speedy, and inexpensive”[4] determination of disputes — not a device to get greater attention at an adversary’s headquarters.
Petition for certiorari granted; orders compelling deposition quashed.

. The president and chief executive officer of General Star, based in Connecticut, and the corporate secretary, each a pre-printed "signatory” to General Star's form policies. The corporate secretary is no longer an officer or employee of General Star.

. Atlantic Hospitality argues that the president received a copy of a "major loss advice” signifying some knowledge of the claim. That document apparently was distributed to 43 other addressees as well and does not rebut the president’s affidavit regarding her lack of particular knowledge of the insured’s claim involved in the lawsuit. So far as the record discloses, the person who prepared the major loss advice had not been deposed.

. General Star has urged us to apply the "apex doctrine” and to expressly require Atlantic Hospitality to depose lower-level employees involved in the insurance dispute before noticing any deposition of senior managers at the “apex” of the company. This concept has been applied in cases involving the deposition of senior state governmental officers (Dep't of Agric. & Consumer Servs. v. Broward County, 810 So.2d 1056, 1058 (Fla. 1st DCA 2002)) and by federal courts in this district (Little League Baseball, Inc. v. Kaplan, 2009 WL 426277 (S.D.Fla. Feb.20, 2009)), but this Court has not expressly adopted the "apex doctrine.” Because we. need not render such a broad holding in this case, we .note but do not adopt the doctrine. The Fourth District also declined to adopt it, observing that:
[N]o reported Florida appellate court opinion has expressly adopted the doctrine; a district court of appeal cannot adopt a doctrine which arguably conflicts with the discovery rules. Because discovery rules are rules of practice and procedure, only the Florida Supreme Court has this authority. Art. V, § 2(a), Fla. Const. Florida’s discovery rules do not contain a requirement that a party must show that a high level officer has unique or superior knowledge before the officer can be deposed.
Citigroup, Inc. v. Holtsberg, 915 So.2d 1265, 1269 (Fla. 4th DCA 2005).

. Fla. R. Civ. P. 1.010.