## NEWS AMERICA MARKETING FSI LLC, Plaintiff,

### v.

## FOUR CORNERS DIRECT, INC, Defendant.

### CASE NO. 3:15-mc-41-J-20JBT

United States District Court,
M.D. Florida,
Jacksonville Division.

Signed June 14, 2016

Eric N. Assouline, Esq. and Greg Popowitz, Esq., Assouline & Berlowe, P.A., Dania Beach, Florida, Attorneys for the Plaintiff News America Marketing FSI, LLC.

Suzy Tate, Esq., Tampa, Florida, Attorney for the Defendant Four Corners Direct, Inc.

David S. Hendrix, Esq. and Alissa M. Ellison, Esq., Gray Robinson, P.A., Tampa, Florida, Attorneys for Branch Banking and Trust Company.

### ORDER

JOEL B. TOOMEY, United States Magistrate Judge

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery Responses From Garnishee Branch Banking and Trust Company ("Motion") (Doc. 15) and Garnishee's Response thereto (Doc. 18). On May 20, 2016, the Court entered an Order taking the Motion under advisement and stating: "On or before June 6, 2016, Defendant shall respond to the Motion or else it will be considered unopposed."[1] (Doc. 20 at 2.) To date, Defendant has not

---

1. Counsel for Defendant filed a Notice of Appearance the same day. (Doc. 19.)

filed a response. Therefore, the Motion is considered unopposed.

Plaintiff initiated this action by registering in this Court a judgment entered in favor of Plaintiff and against Defendant in the United States District Court for the Southern District of New York. (Doc. 1.) Thereafter, a writ of garnishment was issued against Garnishee Branch Banking and Trust Company ("Garnishee"), and Garnishee filed an amended answer stating that Defendant has two checking accounts with the bank, one of which contains $7,683.83. (Docs. 4 & 9.) Plaintiff then served its First Request for Production on Garnishee, which seeks various records regarding Defendant's accounts. (*See* Doc. 15.) Garnishee objected to producing the subject documents, stating that pursuant to section 655.059, Florida Statutes, it could not produce the documents without a court order because Defendant objected to the production of the documents. (*See id.*) Plaintiff now seeks an order compelling Garnishee to produce all documents responsive to Plaintiff's First Request for Production.

Section 655.059(2)(b), Florida Statutes, states in relevant part:

> The books and records pertaining to the deposit accounts and loans of depositors, borrowers, members, and stockholders of any financial institution shall be kept confidential by the financial institution and its directors, officers, and employees and shall not be released except upon

express authorization of the account holder as to her or his own accounts, loans, or voting rights. . . .

■ However, "[s]ection 655.059(2)(b) permits disclosure of nonpublic records in accordance with 15 U.S.C. § 6802, which provides for unauthorized disclosure 'to respond to judicial process.' Courts have interpreted this exception as providing for disclosure pursuant to civil discovery." *Ochoa v. Empresas ICA, S.A.B. de C.V.,* Case No. 11–23898–CIV, 2012 WL 3260324, at *6 (S.D.Fla. Aug. 8, 2012). Additionally, "the general rule in Florida is that personal financial information is ordinarily discoverable . . . in aid of execution after judgment has been entered." *Friedman v. Heart Inst. of Port St. Lucie, Inc.,* 863 So.2d 189, 194 (Fla.2003).

■ The subject discovery is in aid of execution of a judgment previously entered against Defendant. (Doc. 15 at 1.) Thus, the information regarding Defendant's bank accounts is relevant and discoverable in this garnishment proceeding. Defendant, who failed to respond to the Motion, has made no argument to the contrary, and the Motion is now considered unopposed.[2]

Accordingly, it is **ORDERED:**

1. The Motion (**Doc. 15**) is **GRANTED.**

2. **On or before July 5, 2016,** Garnishee shall produce to Plaintiff all documents responsive to Plaintiff's First Request for Production.[3]

---

2. Garnishee requests that the Court "determine whether or not Plaintiff's interest in obtaining the documents outweighs Defendant's interest in maintaining the confidentiality of such information" in accordance with *Banc of America Investment Services, Inc. v. Barnett,* 997 So.2d 1154 (Fla.Dist.Ct. App.2008). (Doc. 18 at 2.) To the extent that case is not distinguishable, Plaintiff's interest in obtaining the subject discovery in aid of execution of the judgment against Defendant outweighs any interest Defendant may have in

keeping the records confidential, particularly in light of Defendant's failure to respond to the Motion.

3. To the extent Garnishee's Response contains any requests for affirmative relief, these requests are improper in a response. *See Armington v. Dolgencorp, Inc.,* Case No. 3:07–cv–1130–J–JRK, 2009 WL 210723, at *2 (M.D.Fla. Jan. 20, 2009) ("It is not appropriate to seek an order for affirmative relief in a response to a motion.").

**DONE AND ORDERED** at Jacksonville, Florida, on June 14, 2016.

