# Third District Court of Appeal

## State of Florida

Opinion filed November 2, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1729
Lower Tribunal No. 15-985-K

_____

## Remington Lodging & Hospitality, LLC, etc.,

Petitioner,

vs.

## Southernmost House, LTD., etc.,

Respondent.


On Petition for a Writ of Certiorari to the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Heller Waldman, P.L. and Glen H. Waldman and Michael A. Azre, for petitioner.

Akerman LLP and Robert I. Chaskes and Jeffrey B. Pertnoy, for respondent.


Before SUAREZ, C.J., and ROTHENBERG and FERNANDEZ, JJ.

SUAREZ, C.J.

Remington Lodging & Hospitality, LLC ("Remington") petitions this court

for a writ of certiorari to quash the trial court's order denying Remington's Motion

for Protective Order. Remington's motion sought to preclude the depositions of

Remington's chief executive officer and its president.  We deny the petition as we find that the trial court did not depart from the essential requirements of law in denying the Motion for Protective Order.

The action below arises out of a 2009 Management Agreement between Remington and Southernmost House, Ltd. ("Southernmost") pursuant to which Remington was to manage the Southernmost House hotel in Key West. In 2015 Southernmost filed the present lawsuit alleging numerous defaults under the Management Agreement and seeking to terminate the Agreement.  Remington denies that any defaults have occurred.

After Southernmost noticed the depositions of the CEO and president, Remington filed its Motion for Protective Order arguing that Remington, which is based in Dallas, manages over 94 hotels in 28 States and employs over 8,000 people and that neither officer has any knowledge of the day-to-day operations of the Southernmost House and that, as a result, the depositions would be pointless. Remington also claimed that the depositions were set solely to harass the officers and Remington.  The CEO and president also submitted supporting affidavits confirming that they have nothing to do with the day-to-day operation of Southernmost House and have no knowledge of the allegation of the Complaint.

At the hearing on the Motion for Protective Order, Remington argued that lower-level management personnel dealt with the day-to-day operation of

Southernmost House and that those employees should, at least, be deposed first.[1]

However, the affidavits provided in support of the motion also state that Remington's CEO and president both met with Southernmost's owner on at least one occasion and discussed the management of the Southernmost House with lower-level executives in at least a limited way.

Applicable rules and case law make clear that trial courts have broad discretion in overseeing discovery matters and in granting and denying motions for protective order. Fla. R. Civ. P. 1.280; Rojas v. Ryder Truck Rental, Inc., 625 So. 2d 106, 107 (Fla. 3d DCA 1993). Florida Rule of Civil Procedure 1.280 allows a party to discover any matter that is not privileged and is relevant to the subject matter of the action or which appears reasonably calculated to lead to discovery of admissible evidence. Where Remington's officers admitted in their affidavits to meeting with Southernmost's president and to discussing the management of the hotel with lower-level employees, we conclude that the depositions could be said to be reasonably calculated to lead to the discovery of admissible evidence. General Star Indem. Co. v. Atl. Hospitality of Fla., LLC. 57 So. 3d 238 (Fla. 3d

---

[1] Remington encourages this court to adopt and follow the Federal line of cases concerning discovery known as the "apex doctrine," which shields upper level executives and corporate officers from depositions absent a showing that such executives and officers have special knowledge of the events in question and the information cannot be obtained through lesser intrusive means. No Florida appellate decision has adopted the apex doctrine. Racetrac Petroleum, Inc. v. Sewell, 150 So. 3d 1247, 1251 n.8 (Fla. 3d DCA 2014). As such, we decline the invitation to apply that doctrine to the facts of this matter.

3

DCA 2011). Thus, based on the pleadings and the evidence presented, we find the trial court did not depart from the essential requirements of law in denying the Motion for Protective Order.

For the reasons stated above, we deny the Petition for Writ of Certiorari.