# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2659
Lower Tribunal No. 14-29364
_____

## City of Miami Mayor Tomás Regalado, et al.,
Appellants,

vs.

## Erika Vila, et al.,
Appellees.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Victoria Méndez, City Attorney, and Douglas A. Harrison, and Forrest L. Andrews, Assistant City Attorneys, for appellants.

James C. Blecke, for appellees.

Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

LOGUE, J.

The City of Miami Mayor Tomás Regalado and City of Miami City Manager Daniel J. Alfonso, nonparties to the underlying personal injury action, have filed a petition for writ of certiorari seeking review of the trial court's order denying their motions for protective order and compelling their depositions. We deny the petition.

In the underlying case, plaintiffs Erika Vila, Virmari Pettis, Maria Sosa, Barbara Weiss, and Mary Jo Weiss brought a personal injury action against defendants Lemoni Café, Inc., 3G Investment Group, Inc., Belony Alterma, and La Pizzeria Di Lemoni, Inc. The action arose from an October 4, 2014 incident in which several sidewalk diners at the Lemoni Café were injured when a vehicle crashed into them. Months before the incident, Lemoni Café and La Pizzeria Di Lemoni, Inc., were twice cited by the City of Miami's Code Enforcement Board for operating an illegal sidewalk café. The citations were issued in December 2011 and March 2014. After the March 2014 citation, a Code Enforcement Board hearing was scheduled for June 3, 2014, but it was continued and ultimately never held. Months later, the incident occurred.

As an affirmative defense, Defendants claim that the City of Miami was negligent by failing to properly maintain the roads, the intersection, and the area where the incident occurred, and by failing to control the traffic and speed of cars in that area. Plaintiffs have deposed at least seven City of Miami employees to

2

determine whether the Mayor's Office authorized the Lemoni Café to continue operating its sidewalk café and how Lemoni received a continuance of the June 2014 code enforcement hearing. In response to Plaintiffs' notices to depose City of Miami Mayor Tomás Regalado and City Manager Daniel Alfonso, the City filed motions for protective orders. The motions argued that Plaintiffs cannot compel the mayor and city manager's depositions because they failed to demonstrate that the mayor and city manager were uniquely able to provide relevant information which could not be obtained from other sources. Following a November 2016 hearing, the trial court denied the motions for protective orders and ordered that the depositions be completed. The City timely filed its petition for writ of certiorari and this court granted the City's motion to stay the depositions.

Here, Plaintiffs seek to depose the mayor because the defendant cafés and landlord claim that after they received the citations, the mayor's office permitted the illegal sidewalk cafés to continue operating. Specifically, a representative for the landlord stated in deposition that a representative from the mayor's office gave him this express permission. Plaintiffs seek to depose the city manager because after the incident, he investigated the matter to determine why the June 2014 hearing never occurred. And as the past director of code enforcement stated in deposition, she was demoted by the city manager after the incident because she "didn't have the answers for why this case was not heard" by the Code

3

Enforcement Board. In short, Plaintiffs seek "to discover how it was that Defendant Landlord obtained a special favor from the Mayor's office (or possibly the City Manager) allowing the tenants to continue their illegal sidewalk cafes."

Florida Rule of Civil Procedure 1.280(b) allows a party to discover "any matter, not privileged, that is relevant to the subject matter of the pending action" or which "appears reasonably calculated to lead to the discovery of admissible evidence." "[T]rial courts have broad discretion in overseeing discovery matters and in granting and denying motions for protective order." Remington Lodging & Hosp., LLC v. Southernmost House, LTD, 206 So. 3d 764, 764 (Fla. 3d DCA 2016).

We conclude that the trial court did not depart from the essential requirements of law in compelling the depositions of the mayor and city manager. Plaintiffs sought the discovery by first deposing seven City of Miami officials who presumably would have known how and why Lemoni Café's illegal sidewalk café was permitted to continue operating after receiving two citations from code enforcement. Among these deposed officials are the code enforcement director, a code enforcement supervisor, and a representative from the mayor's office. But each official testified that they did not know. The City has failed to identify a specific individual who could provide the information that Plaintiffs seek.

Petition denied.